# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 494-086 |
| | * | |
| THEODORE BROWN | * | |

## O R D E R

On December 5, 1994, a jury convicted Defendant Theodore Brown of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). (Doc. 22.) Then, on February 15, 1995, the Court sentenced Defendant to 312 months of imprisonment. (Doc. 29.) Pursuant to 28 U.S.C. § 2255, Defendant later filed a motion to vacate his sentence. (Doc. 44.) However, the Court ultimately denied Defendant's motion as untimely. (Docs. 45, 50.)

Now, with his present motion for time reduction (Doc. 53), Defendant seeks a reduced sentenced based on the Supreme Court's recent opinion in Johnson v. United States, 135 S. Ct. 2551 (2015). Yet, no matter the style of Defendant's motion, the relief sought therein constitutes an attack upon the legality of his sentence. Thus, Defendant's challenge is only cognizable as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

Having already filed a § 2255 motion, Defendant has to

move the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider a second or successive § 2255 motion. See 28 U.S.C. §§ 2244(b)(3), 2255. Because Defendant has not acquired such authorization, the Court may not consider the merits of his pending motion. Therefore, the Court **DENIES** Defendant's motion for time reduction (Doc. 53).

**ORDER ENTERED** at Augusta, Georgia, this ___8th___ day of December, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA