IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA　　　*
　　　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　　　*　　CR 494-086
　　　　　　　　　　　　　　　　*
THEODORE BROWN　　　　　　　　*

# ORDER

In the captioned criminal matter, Defendant Theodore Brown has filed a motion requesting that this Court issue a *nunc pro tunc* Order of Judgment wherein the Court recommends to the Bureau of Prisons that the time Brown spent in state custody apply to his federal sentence. As it stands, the Judgment and Commitment Order of February 15, 1995 is silent as to whether Brown's federal sentence is to run concurrent to any state sentence.[1]

When multiple terms of imprisonment are imposed at different times, as here, the terms are presumed to run consecutively unless the court orders otherwise. 18 U.S.C. § 3584(a). To the extent that Brown seeks a modification of his sentence to reflect that the federal sentence is concurrent with a state sentence, this Court lacks the authority to do

---

[1] On February 15, 1995, this Court sentenced Brown to 312 months of imprisonment after a jury found him guilty of possession of a firearm by a convicted felon.

so. See 18 U.S.C. § 3582(c).[2]

Further, matters of credit for time served and other length of sentence determinations are better directed to the Bureau of Prisons ("BOP"), not this Court. Indeed, a request for a *nunc pro tunc* order of concurrency is tantamount to a request for post-sentencing leniency or clemency, which is "the proper domain of the executive branch, not the judicial branch." Hunter v. Tamez, 622 F.3d 427, 431 (5th Cir. 2010). In short, this is a decision within the discretion of the BOP.

Moreover, a judicial challenge to the BOP's decision regarding the execution of a federal sentence must be brought under 28 U.S.C. § 2241 in the district of *confinement* rather than in the sentencing court. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); see also United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Accordingly, once Brown exhausts his administrative remedies with the BOP,[3] he must bring his § 2241 challenge in the Western District of Louisiana, which has territorial jurisdiction over the

---

[2] Section 3582(c) provides limited exceptions to this general rule, none of which apply to this case.

[3] "Exhaustion of administrative remedies is jurisdictional in § 2241 cases." Nichols v. Warden, FCC Coleman-Low, 458 F. App'x 844, 845 (11th Cir. 2012) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)).

2

facility in which he is presently incarcerated. This Court simply does not have jurisdiction to consider the matter. See Rumsfield v. Padilla, 542 U.S. 426, 442-43 (2004).

Upon the foregoing, Defendant's motion for a *nunc pro tunc* Order of Judgment (doc. 59) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of August, 2016.

                                  HONORABLE J. RANDAL HALL
                                  UNITED STATES DISTRICT JUDGE
                                  SOUTHERN DISTRICT OF GEORGIA