IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 494-086 |
| | * | |
| THEORORE BROWN | * | |

**O R D E R**

Defendant Theodore Brown, designated as an armed career criminal, was sentenced by this Court in 1994 to serve 310 months upon his conviction by a jury for possession of a firearm as a convicted felon. In September 2009, the Honorable B. Avant Edenfield clarified that this sentence was to be served consecutively to Defendant's state sentences, which included one sentence for aggravated assault and criminal attempt to kidnap and another for revocation of his state parole from a murder conviction in 1974. (Doc. 43.) On two prior occasions, the undersigned judge denied a similar request to have his time in state custody credited against his federal sentence. (See Docs. 67 & 83.) Defendant is currently incarcerated in a Texas federal prison with a projected release date of September 28, 2031. He has been in state or federal custody for around 28 years and is 70 years old.

On December 18, 2020, Defendant penned a letter asking for the Court's assistance in gaining release from federal custody because of the COVID-19 pandemic. The letter was received and

docketed on January 11, 2021 as a motion to reduce sentence. (Doc. 87.) The Government opposed the motion, seeking dismissal of any request for relief under 18 U.S.C. § 3582(c)(1)(A) – the compassionate release provision – for failure to exhaust administrative remedies. (Doc. 91.) Defendant, who is proceeding pro se has submitted three additional filings further explaining his circumstances. (Docs. 92, 93 & 94.) The matter is now ripe for resolution.

At the onset of the pandemic, the Attorney General of the United States issued a mandate to the Director of Bureau of Prisons ("BOP") to prioritize the use of "various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic." See Memorandum dated Mar. 26, 2020, *available at* https://www.justice.gov/file/1262731/download (last visited March 12, 2021). The memorandum included a non-exhaustive list of discretionary factors, for example, the inmate's age and vulnerability to COVID-19, his conduct in prison, his re-entry plan, and the inmate's crime of conviction and assessment of the danger he posed to the community. (Id. at 1-2.) According to Defendant, he was initially recommended for home confinement by the Warden of his facility in conjunction with the prison's medical team. (Doc. 87, at 1.) However, when the recommendation for release to home confinement reached the centralized office of the Department and Sentence Computation Center, his proposed release date in September 2020 was rejected

2

"due to the history of violence in [his] record." (Id.; see also Doc. 93.)

In writing the Court in December, Defendant pushes back against his criminal record and points out that his crimes are decades old. He asks the Court to grant the release that the BOP had previously indicated was warranted.

Notably, the statutory authority upon which the BOP is processing requests to transfer to home confinement is 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541; neither of these code sections vest the United States District Court with authority to order home confinement. Indeed, designation of an inmate's place of confinement is within the absolute discretion of the BOP. E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).) Accordingly, the Court does not have the authority to order that Defendant serve the rest of his sentence in home confinement.

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) does provide the district court limited authority to reduce the sentence of a criminal defendant in "extraordinary and compelling circumstances." Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release in the district court. The

3

First Step Act modified § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, though Defendant has explained that the BOP has considered his release to home confinement, he has not submitted any evidence that he asked the prison to grant compassionate release under § 3582(c)(1)(A) prior to seeking judicial relief. For this reason, the Court must deny Defendant's motion to the extent that he seeks compassionate release.

Moreover, in consideration of his bid for compassionate release, this Court may only reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note to this policy statement lists three specific examples of

4

extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age;[1] and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, Defendant mentions his advanced age and his vulnerability to COVID-19; however, he has not mentioned any specific medical condition that would qualify him for immediate release. The Court recognizes that Defendant's age of 70 years old makes him rather vulnerable to the effects of COVID-19, but age alone cannot justify release or else "it follows that every federal inmate in the country above the age of 60 should be forthwith released from detention, a result that does not remotely comply with the limited scope of compassionate release . . . ." United States v. Haney, 454 F. Supp. 3d 316, 322-23 (S.D.N.Y. 2020).

In short, Defendant bears the burden of demonstrating that compassionate release is warranted, cf. United States v. Hamilton,

---

[1] In order to qualify for release based upon an age of over 65 years old, an inmate must be experiencing a serious deterioration in physical or mental health because of the aging process. U.S.S.G. § 1B1.13 n.1(B). Defendant in this case has made no such showing.

5

715 F.3d 328, 337 (11th Cir. 2013), and he has not carried this burden. Defendant's generalized concern about the COVID-19 virus is too speculative to qualify as extraordinary and compelling. As the Third Circuit explained: "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Finally, and importantly, the Court retains discretion over whether to grant compassionate release even if a defendant otherwise qualifies through consideration of the sentencing factors of 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). Upon careful consideration thereof, the Court particularly notes that the nature of Defendant's offense, the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served. The Court has already mentioned that Defendant is an armed career criminal with a murder conviction and other serious offenses on his record. As it pertains to the instant federal offense, Defendant was found in possession of a firearm after a woman filed a police report that Defendant drove past her in his vehicle, made sexual remarks to her, directed her to get into the vehicle, and aimed a firearm at her. The victim fled, and Defendant was later apprehended with a .22 caliber revolver underneath this driver's

seat. Defendant is correct that these crimes are decades old, but he has also been incarcerated during this time. The fact remains that he still has over ten years remaining on his federal sentence. Early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. In short, reducing his sentence at this time would not be consistent with the statutory purposes of sentencing – a sentence that this Court has on several occasions indicated should be served in full in emphasizing that it must be served consecutively to his state sentences.

Upon the foregoing, Defendant Theodore Brown's motion for immediate release (doc. 87) is **DISMISSED** and otherwise **DENIED**. The Clerk is instructed to **TERMINATE** the Government's motion to dismiss (doc. 91).

**ORDER ENTERED** at Augusta, Georgia, this 17th day of March, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA