IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 494-086 |
| | * | |
| THEODORE BROWN | * | |

O R D E R

Defendant Theodore Brown, designated as an armed career criminal, was sentenced by this Court in 1994 to serve 312 months upon his conviction by a jury for possession of a firearm as a convicted felon. His projected release date is September 28, 2031. In the last several years, Brown has been relentless in his pursuit of early release, buoyed by the increased grants of compassionate release during the COVID-19 pandemic. The Court has denied his various motions because he has not qualified for early release.

At present, Brown has written a letter to the undersigned judge explaining that he has received a communication (which is attached to his filing) letting him know that he "may have very real cognizable grounds for sentence reduction under 18 U.S.C § 3582(c)(1)(A), <u>based on the broadened criteria made available under the FSA (Fair Sentencing Act)</u>." (Doc. 111, Attachment.) This correspondence came from a "Case Analyst" for a legal service, with which this Court is not familiar, in Plano, Texas. Brown simply asks for "help." (<u>Id.</u> at 3.) The Government opposes the

motion, showing that Brown is not entitled to compassionate release under § 3582(c)(1)(A).[1]

Brown is incarcerated within the Eleventh Circuit, which has jurisdiction over federal cases originating in the states of Georgia, Florida, and Alabama. Texas is not within this Circuit and thus any referenced "broadened criteria" in Texas would not apply to Brown's case within the Eleventh Circuit. In fact, with respect to compassionate release cases, the Eleventh Circuit has made clear that district courts do not have discretion to consider circumstances outside of those "extraordinary and compelling" circumstances set forth in U.S.S.G. § 1B1.13, which is the United States Sentencing Commission's Policy Statement applicable to the compassionate release provision. United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021). The Policy Statement, in turn, provides that if the defendant is not a danger to the community, there are three specific categories of "extraordinary and compelling reasons" to grant relief: medical, age, and family circumstances. U.S.S.G. § 1B1.13 & n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the

---

[1] The Government's opposition brief is substantively what the Court has received in response to the typical compassionate release motion during the COVID-19 pandemic. In the Court's estimation, however, Brown's letter request merited a more tailored response than the fourteen-page general COVID-related response, and Brown's inmate medical records are extraneous.

aforementioned three categories. Id. n.1(D) (emphasis added). Brown has not argued let alone established that he falls within any of these specific categories.[2] Accordingly, he has not shown an extraordinary and compelling reason to justify compassionate release. Beyond this explanation of the applicable law, the Court cannot be of further assistance to Brown.

Upon the foregoing, Defendant Theodore Brown's motion for the Court's assistance in gaining an early release (doc. 111) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 8th day of June, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021) (stating it is movant's burden to show that his circumstances warrant a sentence reduction under § 3582(c)(1)(A)).

3