IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

SEP 05 2024

FILED

UNITED STATES OF AMERICA     *
                             *
v.                           *     CR 494-086
                             *
THEODORE BROWN               *

O R D E R

Defendant Theodore Brown is currently serving the federal sentence imposed in the captioned case in February 1995 upon his conviction by a jury for possession of a firearm by a convicted felon. At sentencing, it was determined that Brown had a total offense level of 34 and a criminal history category of VI based upon his status as an armed career offender under U.S.S.G. § 4B1.4.[1] His guideline range was therefore 262 to 327 months; he was sentenced to serve 312 months imprisonment.

At present, Brown seeks relief in the form of a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. Amendment 821 provides a retroactive adjustment for

---

[1] Brown had two prior convictions for robbery by intimidation, one for murder, and one for aggravated assault. In 2016, Brown challenged whether these convictions still qualify as violent felonies for purposes of the Armed Career Criminal Act. This Court determined that they did and denied relief. (See Docs. 73 (Report and Recommendation) and 76 (Adoption Order of Nov. 29, 2016).)

certain offenders whose criminal history was impacted by "status points" under U.S.S.G. § 4A1.1. Under the prior version of U.S.S.G. § 4A1.1, Brown's criminal history score of 9 was increased by two "status" points because he was on state parole when he committed his federal offense.[2] Under the amended U.S.S.G. § 4A1.1(e), Brown would receive only one status point because he was on parole. Thus, Brown's total criminal history score would fall from 12 to 11 upon retroactive application of Amendment 821 to U.S.S.G. § 4A1.1. Even so, Brown's criminal history category was determined to be VI because he is an armed career criminal under U.S.S.G. § 4B1.1, not because of his criminal history score. So, the reduction in his total criminal history score to 11 does not change his criminal history category of VI, and thus, his guideline range would not be affected by Amendment 821. For this reason, Brown's motion to reduce sentence upon application of Amendment 821 (doc. 125) is **DENIED**.

Further, Brown recently sent a one sentence letter to the undersigned judge "requesting relief proceeding for the Court to vacate illegal conviction." Because this document offers no legal authority or argument by which this Court could grant the requested relief, the Clerk is directed to **TERMINATE** this "motion" (doc. 126).

---

[2] Brown's criminal history computation also included an additional point because his federal offense was committed less than two years following his release from state custody. While Amendment 742 to the Sentencing Guidelines eliminated "recency" points on November 1, 2010, the amendment was not made retroactive. Accordingly, this additional "recency" point cannot be eliminated from Brown's criminal history calculation.

2

**ORDER ENTERED** at Augusta, Georgia this 5th day of September, 2024.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```